UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS J. CHISHOLM, II,

*Plaintiff*,

– against –

BARBARA C. GUINN, et al.,

*Defendants*.

**MEMORANDUM & ORDER**
26-cv-06384 (NCM)(LKE)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Thomas J. Chisholm, II, proceeding pro se, commenced this action asserting claims pursuant to 42 U.S.C. § 1983, alleging violations of the First and Fourteenth Amendments and the Medicaid Act. *See* Compl., ECF No. 1. Plaintiff has filed a motion seeking a temporary restraining order and preliminary injunction barring defendants from "withhold[ing] authorization for [p]laintiff's medically necessary dental implant surgery" and "refusing to accept and docket [p]laintiff's filings" in New York Supreme Court, Suffolk County. Proposed Order to Show Cause ("OSC") 2, ECF No. 5.[1] Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, plaintiff's motion is denied, and plaintiff is directed to show cause why the complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

1 All page references use ECF pagination except where noted.

## BACKGROUND

### I. Factual Background

Plaintiff is 62 years old and has type 2 diabetes. Compl. ¶ 18. He is insulin-dependent and the safe management of his diabetes depends on his ability to eat regular, adequate meals. Compl. ¶ 18. He alleges that his treating physicians have determined that he "has an atrophic maxillary ridge and a gag reflex that . . . does not allow for removable prosthesis." Compl. ¶ 19. According to plaintiff, dental implants are the only alternative to dentures, and without them he lacks "functional dentition." Compl. ¶¶ 19, 21. His treating physicians have therefore documented that dental implant surgery is medically necessary for him. Compl. ¶ 20.

Plaintiff alleges that he sought Medicaid coverage for dental implant surgery from the New York State Office of Temporary and Disability Assistance ("OTDA"), acting through its dental benefits administrator, DentaQuest of New York, LLC ("DentaQuest"). Compl. ¶ 2. DentaQuest denied coverage. Compl. ¶ 22.

Plaintiff appealed, and on March 6, 2025, DentaQuest issued its final determination denying the appeal. Compl. ¶ 22. Plaintiff then received a fair hearing on February 5, 2026, in which the Suffolk County Department of Social Services participated as a party. Compl. ¶ 24. On February 23, 2026, a final administrative determination upheld the denial of coverage. Compl. ¶ 24. Plaintiff alleges that without functional teeth, his food intake has been "irregular and inadequate," resulting in "episodes of low blood sugar" and an approximate 35-pound weight loss. Compl. ¶ 21.

Plaintiff then sought to challenge the fair hearing determination in an Article 78 proceeding in New York Supreme Court, Suffolk County, which he submitted to the Suffolk County Clerk's Office for filing. Compl. ¶¶ 26–27. He alleges that Suffolk County

Clerk Vincent Puleo and two other employees of the Clerk's Office, Erin Sidaras and Vincent Como, refused to accept and docket his filings. Compl. ¶¶ 14–16, 27–29. He alleges that he was directed to amend one submission, that another submission was received but then disappeared, and that one piece of mail was returned to him unopened. Compl. ¶¶ 27–29, 38. He contends that these failures were intentional "because a properly docketed challenge to the underlying [Medicaid] determination was, and is, adverse to the County's own interest in the outcome." Compl. ¶ 39.

## II. Procedural History

On October 5, 2026, plaintiff commenced this § 1983 action, asserting a violation of the Due Process Clause of the Fourteenth Amendment, the Medicaid Act's fair hearing provision, 42 U.S.C. § 1396a(a)(3), and the reasonable promptness provision, *id.* § 1396a(a)(8), by defendants Barbara C. Guinn, Commissioner of the OTDA; DentaQuest; Suffolk County; Dr. Sylvia A. Diaz, in her official capacity as the Acting Commissioner of the Suffolk County Department of Social Services; and Edward P. Romaine, in his official capacity as the Suffolk County Executive. Compl. ¶¶ 46–59. He alleges that Guinn, in her official capacity, and DentaQuest, a private entity, denied him coverage for dental implant surgery following a hearing that was not fair in substance. Compl. ¶¶ 48–50, 58–59. He alleges that defendants Suffolk County, Diaz, and Romaine are responsible for the adverse benefits determination. Compl. ¶¶ 11, 56.

Plaintiff also asserts a denial of access to the courts by defendants Puleo, Sidaras, and Como in their individual and official capacities, as well as a First Amendment retaliation claim against Sidaras in her individual capacity. Compl. ¶¶ 40–45, 60–64. Further, plaintiff asserts that Suffolk County is liable for the Suffolk County Clerk's Office's failure to docket his Article 78 petition. Compl. ¶ 54.

Plaintiff contemporaneously filed a motion for a temporary restraining order and preliminary injunction. *See* Mot. for TRO & Prelim. Inj., ECF No. 3; Mem. in Supp. of Mot. for TRO & Prelim. Inj. ("Pl. Mem."), ECF No. 4. On October 20, 2026, plaintiff also filed a motion for an expedited ruling on the pending order to show cause for the requested temporary restraining order and preliminary injunction. *See* Emergency Req. for Expedited Ruling, ECF No. 8. Eight days later, plaintiff filed a renewed motion for an expedited ruling. *See* Renewed Emergency Req. for Expedited Ruling, ECF No. 9.

**LEGAL STANDARD**

"A preliminary injunction is an extraordinary and drastic remedy" and "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Practice P.C.*, 120 F.4th 59, 79 (2d Cir. 2024).[2] "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014).[3] When the injunction would "alter[] the status quo by commanding some positive act," *Cacchillo v. Insmed, Inc.*, 638

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3] "[I]n this Circuit, the standard for an entry of a temporary restraining order is the same as for a preliminary injunction." *Pollafko, Inc. v. Okulos Comércio Varejista De Produtos Ópticos LTDA*, No. 22-cv-05497, 2022 WL 4451248, at *3 n.4 (E.D.N.Y. Sept. 23, 2022); *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1228 (2d Cir. 1992) ("[T]he traditional standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction.").

F.3d 401, 406 (2d Cir. 2011), a party seeking such relief "must meet a heightened legal standard by showing a *clear or substantial* likelihood of success on the merits." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (emphasis added); *see also JLM Couture, Inc. v. Gutman*, 91 F.4th 91, 105 (2d Cir. 2024) (describing the standard the Second Circuit applies to "mandatory injunctions" as "more demanding").

Because plaintiff is proceeding IFP, the Court must also screen his complaint. The Court must dismiss an IFP action "at any time" if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, "[c]ourts are to read a *pro se* litigant's papers 'liberally' and 'interpret them to raise the strongest argument that they suggest.'" *Vann v. Wolfe-Friedman*, No. 23-cv-00236, 2025 WL 35058, at *3 (S.D.N.Y. Jan. 6, 2025) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). However, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

## DISCUSSION

In his motion for a temporary restraining order and preliminary injunction, plaintiff asks the Court to order defendants Guinn, Diaz, Romaine, DentaQuest, and

Suffolk County to provide Medicaid coverage for his dental implant surgery, and to order defendants Puleo, Sidaras, Como, and Suffolk County to docket his Article 78 petition. OSC 2–3. Plaintiff has not met the heavy burden required for that relief.

The Court first addresses plaintiff's request for Medicaid coverage of his surgery, then his request that his Article 78 petition be docketed, and finally his First Amendment retaliation claim against Sidaras. For the reasons set forth below, the Court concludes that plaintiff has not shown a clear or substantial likelihood of success on the claims for which he seeks preliminary relief. The Court also concludes his First Amendment claim fails to state a claim.

## I. Medicaid Coverage

Plaintiff received a fair hearing following the denial of Medicaid coverage. He challenges defendants' determination that dental implant surgery was not medically necessary. Compl. ¶¶ 49–50. He alleges that the decision was contrary to the "uncontroverted medical evidence in the administrative record," in violation of a federal regulation requiring that fair hearing decisions be "based exclusively on evidence introduced at the hearing." Compl. ¶ 49; 42 C.F.R. § 431.244(a). He further alleges that the decision identified no contrary medical evidence and gave no "reasoned basis" for rejecting the evidence he submitted. Compl. ¶ 49. He argues that "[a] fair hearing decision unsupported by the record it purports to rest on fails the basic due process requirements applicable to the termination or denial of Medicaid benefits," and therefore violates the Due Process Clause and 42 U.S.C. § 1396a(a)(3) and (a)(8). Pl. Mem. 3.

Plaintiff's burden here is heightened because the injunctive relief he seeks would "alter[] the status quo by commanding some positive act," specifically, by requiring defendants to authorize and schedule his dental implant surgery. *Cacchillo*, 638 F.3d at

406. Plaintiff must therefore "meet a heightened legal standard by showing a clear or substantial likelihood of success on the merits." *N. Am. Soccer League*, 883 F.3d at 37. He has not done so.

### *A. Due Process Claim*

The Court begins with plaintiff's due process claim. Due process guarantees "individuals [] a right to a hearing before denial of a benefit in which they have a cognizable property interest." *T.C. v. N.Y. State Dep't of Health*, No. 22-cv-05045, 2022 WL 17689841, at *11 (S.D.N.Y. Dec. 15, 2022) (citing *Goldberg v. Kelly*, 397 U.S. 254 (1970)); *see Mayer v. Wing*, 922 F. Supp. 902, 910 (S.D.N.Y. 1996) (stating "Medicaid benefits are a protectable property interest under the Fourteenth Amendment"). Section 1396a(a)(3) of the Medicaid Act creates an "entitle[ment] to [a] fair hearing [] when a decision is made by a state agency that adversely affects [a Medicaid applicant's] right to receive benefits." *Catanzano by Catanzano v. Dowling*, 60 F.3d 113, 117 (2d Cir. 1995); *Shakhnes v. Berlin*, 689 F.3d 244, 248 (2d Cir. 2012) ("States that participate in Medicaid must grant 'an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness.'" (quoting 42 U.S.C. § 1396a(a)(3))).

Plaintiff has not shown a clear or substantial likelihood of success on his due process claim. Plaintiff does not dispute that he received notice of the denial, pursued an internal appeal, and received a fair hearing. Compl. ¶¶ 22, 24. Nor does he identify any additional process he was denied. His contention, rather, is that the decision issued after that hearing was wrong because it was contrary to the medical evidence and lacked a "reasoned basis." Compl. ¶¶ 49–50. But the fair hearing decision itself is not before the Court. *See* Pl. Exs. A–F 3, ECF No. 4-1. Without it, the Court cannot evaluate what

evidence the hearing officer considered, or the reasons given for the determination. And plaintiff's characterization of that decision, standing alone, does not satisfy his heightened burden.

Moreover, even if plaintiff were to submit the fair hearing decision or the hearing record to this Court, and *even if* that record showed that the hearing officer failed to consider his medical evidence, plaintiff would not be entitled to the relief he seeks in this Court. Where a plaintiff received a hearing and contends that the hearing was flawed, a proceeding under Article 78 in state court is an adequate remedy that satisfies the demands of due process. *See Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 466–67 (2d Cir. 2006).

By the same token, the remedy for a defect in a hearing is ordinarily a new hearing, not an order requiring the agency to approve the benefit. *Cf. Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008) ("A full and fair review concerns a beneficiary's procedural rights, for which the typical remedy is remand for further administrative review."); *Lucia v. SEC*, 585 U.S. 237, 251 (2018) ("[T]he appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official."). Thus, it also appears that plaintiff's challenge to the fair hearing determination can be fully adjudicated in state court. And plaintiff's allegations that the Suffolk County Clerk's Office did not docket his earlier submissions do not change this conclusion. Nothing in this Order prevents plaintiff from pursuing an Article 78 proceeding in state court. The Clerk's Office's alleged failure to docket his earlier submissions does not foreclose that remedy, and plaintiff may raise any concerns about the handling of those submissions, including whether they should be treated as timely filed, with the state court. Because plaintiff received a hearing and has an adequate

remedy in state court, the Court concludes that his due process claim is unlikely to succeed.

### *B. Medicaid Act Claims*

Plaintiff also asserts that the denial violated the Medicaid Act's fair hearing provision, 42 U.S.C. § 1396a(a)(3), and its reasonable promptness provision, *id.* § 1396a(a)(8). Compl. ¶¶ 48–50, 52; Pl. Mem. 3. To enforce either provision through § 1983, a "plaintiff must show that the [provision] in question clearly and unambiguously uses rights-creating terms" with an "unmistakable focus on individuals like the plaintiff." *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 368, 380 (2025) (holding that the Medicaid Act's any-qualified-provider provision lacks "clear and unambiguous rights-creating language" and therefore does not "support[] a private suit under § 1983"). Following *Medina*, the Tenth Circuit held that § 1396a(a)(8) does not confer an individual right enforceable through § 1983. *Lancaster by & through Green v. Cartmell*, 162 F.4th 1063, 1068 (10th Cir. 2025), *cert. denied sub nom. Lancaster v. Cartmell*, 146 S. Ct. 2807 (2026). And although the Second Circuit—in a decision predating *Medina*—held that § 1396a(a)(3) is enforceable through § 1983, *see Shakhnes*, 689 F.3d at 254, the Court need not decide whether either provision confers an enforceable right because, even assuming both do, plaintiff has not shown a clear or substantial likelihood that either was violated.

Section 1396a(a)(3) requires that a state plan provide "an opportunity for a fair hearing" to any individual whose claim for medical assistance is denied. 42 U.S.C. § 1396a(a)(3). Plaintiff received such a hearing. Compl. ¶ 24. To the extent plaintiff relies on the regulation requiring that a hearing decision be "based exclusively on evidence introduced at the hearing," 42 C.F.R. § 431.244(a), he has not shown a likely violation for

the reasons already discussed: the decision is not in the record, and plaintiff's account of it does not establish that the hearing officer disregarded the evidence presented. Plaintiff likewise has not shown a likely violation of § 1396a(a)(8), which requires that medical assistance "be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 1396a(a)(8). Plaintiff does not allege that his request for coverage went unaddressed; to the contrary, it was considered and denied at each stage of review. Compl. ¶¶ 22, 24. His claim is, in substance, a challenge to the coverage determination itself, not to the promptness with which the determination was made.

*C. Proper Defendants*

Plaintiff's request for preliminary relief also fails for a separate reason: he has not shown that the defendants he names could provide it. Plaintiff seeks an order directing Guinn, as Commissioner of the OTDA, to authorize his surgery. Compl. 24; OSC 2–3. But in New York, the Department of Health ("DOH") is the state agency responsible for administering Medicaid. *See Shakhnes*, 689 F.3d at 248 (citing N.Y. Soc. Serv. Law § 363-a(1)). Although the DOH has delegated the conduct of Medicaid fair hearings to the OTDA, the DOH "itself remains responsible for making final administrative determinations." *Id.* Plaintiff therefore has not shown that Guinn has the authority to provide the relief he seeks. And although plaintiff names Diaz, Romaine, and Suffolk County in connection with the benefits determination, he does not allege that any of them has authority to authorize Medicaid coverage for his surgery, or identify a county policy or custom that caused the denial. Compl. ¶¶ 11, 56. He thus has not identified a defendant with the authority to grant the relief he seeks.

*D. Claims Against DentaQuest*

Next, plaintiff's claims against DentaQuest are unlikely to succeed because he has

not adequately alleged that DentaQuest, a private entity, acted under color of state law. Private parties are generally not liable under § 1983. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013). Private entities are only liable under § 1983 "if there is a sufficiently 'close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Plaintiff alleges only that DentaQuest contracts with the State "to administer dental benefits under the state Medicaid program, including the determination of coverage for dental implant surgery." Compl. ¶ 17. That allegation, without more, does not establish state action. *See Blum v. Yaretsky*, 457 U.S. 991, 1004–05, 1012 (1982) (holding that "nursing homes' decisions to discharge or transfer Medicaid patients to lower levels of care" did not constitute "state action").

Indeed, in a nearly identical case, another court in this circuit recently denied a pro se plaintiff's motion for preliminary injunctive relief arising from DentaQuest's denial of prior authorization for dental implant treatment, concluding that because DentaQuest is a private entity rather than a state actor, the plaintiff appeared to have no likelihood of success on his federal claims, including under § 1983 and the Medicaid Act. *Derounian v. DentaQuest of N.Y., LLC*, No. 26-cv-03786, 2026 WL 2532317, at *1 (S.D.N.Y. Aug. 21, 2026).

Accordingly, the Court finds that plaintiff has not shown a clear or substantial likelihood of success on the merits related to the denial of the requested Medicaid benefit. Because plaintiff has not shown a likelihood of success on the merits of these claims, the Court need not address whether he has shown that he will suffer irreparable harm from the denial of preliminary relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20,

23–24 (2008); *see also Derounian*, 2026 WL 2532317, at *1 (denying pro se plaintiff's motion for injunctive relief arising from DentaQuest's denial of dental implant coverage on the basis that plaintiff failed to demonstrate a likelihood of success on the merits).

## II. Access to the Courts

Turning to plaintiff's request that his Article 78 petition be docketed, he also has not shown a clear or substantial likelihood of success on his claim that Puleo, Sidaras, and Como denied him access to the courts by failing to docket his Article 78 petition. Compl. ¶¶ 40–45. He asks the Court to order those defendants to accept and docket his filings. OSC 2–3. But the clerk defendants are entitled to absolute immunity for that conduct. Judges are absolutely immune from suit for acts taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Likewise, court clerks are absolutely immune "for performance of tasks which are judicial in nature and an integral part of the judicial process," including management of the court's docket. *Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir. 1997); *see also Bliven v. Hunt*, 579 F.3d 204, 209–10 (2d Cir. 2009) (explaining that absolute immunity extends to officials who perform functions closely associated with the judicial process). Indeed, "[m]anaging docketing and filing activity are plainly judicial in nature and an integral part of the judicial process." *Chambers v. Stynes*, No. 25-cv-02524, 2025 WL 2917109, at *3 (E.D.N.Y. Oct. 14, 2025); *see also Bey v. New York*, No. 11-cv-03296, 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012) (finding that absolute quasi-judicial immunity shielded court clerks who refused to file plaintiff's filings and provide a copy of the entire file); *Pikulin v. Gonzales*, No. 07-cv-00412, 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (concluding that "the [c]lerk's [o]ffice activities of filing and docketing legal

documents . . . constitute[d] an integral part of the judicial process and [we]re therefore shielded from liability by absolute judicial immunity").

The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," or by allegations that the action at issue was made in "error" or "excess of [] authority." *Mireles*, 502 U.S. at 11, 13. This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11–12.

Here, plaintiff alleges that the clerk defendants failed to docket his filings. Because docketing and filing are functions closely tied to the judicial process, these defendants are entitled to absolute immunity. And to the extent plaintiff seeks injunctive relief against these defendants, § 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983*; see Montero v. Travis*, 171 F.3d 757, 760–61 (2d Cir. 1999) (applying this limitation to parole board officials performing "quasi-adjudicative function[s] in deciding whether to grant, deny, or revoke parole"). Plaintiff does not allege that either exception applies. In any event, "federal courts have no general power to compel action by state officials." *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). Accordingly, plaintiff is unlikely to succeed on his access-to-courts claim against the clerk defendants.

Nor has plaintiff shown a clear or substantial likelihood of success concerning his claim against Suffolk County. To hold a municipality liable under § 1983, a plaintiff must show that an official policy or custom caused the alleged constitutional violation. *See Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020). Under *Monell v.*

*Department of Social Services of the City of New York*, 436 U.S. 658 (1978), "[o]fficial municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Plaintiff's alleged custom rests entirely on the Clerk's Office's handling of his own petition. Compl. ¶ 54. Those allegations do not show a practice so "persistent and widespread" that it constitutes a custom with the force of law. *See Lucente*, 980 F.3d at 297–98; *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012).

In these circumstances, plaintiff has not shown a clear or substantial likelihood of success on the merits of his claims against the clerk defendants and Suffolk County, and the Court therefore need not reach the remaining preliminary injunction factors.

## III. First Amendment Retaliation Claim

Finally, although plaintiff's motion does not seek preliminary relief on his First Amendment retaliation claim against Sidaras, Compl. ¶¶ 61–64, the Court addresses it here because, as noted above, the Court must dismiss any claim that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013). To satisfy the third element, a plaintiff must show "either that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm." *Id.*

Plaintiff alleges that Sidaras returned, unopened, a copy of his petition that he had mailed to her shortly after he wrote to Puleo and Suffolk County Legislator Leslie Kennedy

requesting an inquiry into his filing. Compl. ¶¶ 34, 37–38, 62. Even assuming that Sidaras returned the copy because of those letters, plaintiff has not alleged an injury. Her alleged conduct did not curtail his speech: plaintiff continued to pursue his petition and filed this action. *See Dorsett*, 732 F.3d at 161 (finding no adverse effect on speech where plaintiff "remained politically active"). Nor has plaintiff alleged some other concrete harm. Plaintiff alleges that he lost an opportunity to have his petition accepted for filing and had to expend additional time and resources. Compl. ¶¶ 63–64. But the returned document was not a filing. It was a copy of a petition that plaintiff had already emailed to Sidaras in full at her request, Compl. ¶ 37, and plaintiff had no right to have Sidaras act on it outside the ordinary filing process. *See Dorsett*, 732 F.3d at 161 (finding no concrete harm where plaintiffs "had no right" to the action allegedly withheld). Because plaintiff has not plausibly alleged that Sidaras's conduct adversely affected his speech or caused him some other concrete harm, his First Amendment retaliation claim against Sidaras is subject to dismissal for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's request for a temporary restraining order and preliminary injunction. Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915 is granted. Plaintiff's motion for an expedited ruling, ECF No. 8, and renewed motion for an expedited ruling, ECF No. 9, are denied as moot.

On or before November 30, 2026, plaintiff is directed to show cause in writing why the complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons set forth in this Order. If plaintiff fails to respond by November 30, 2026, or fails to show good cause, the Court may dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Plaintiff may contact the Hofstra University Pro Se Legal Assistance Program at (631) 297-2575 or PSLAP@hofstra.edu to make an appointment for free, confidential, limited-scope legal assistance at the Long Island Federal Courthouse. Plaintiff is further advised of pro se litigation resources available on the Court's website, including relevant forms and information, at https://www.nyed.uscourts.gov/representing-yourself.

The Clerk of Court is directed to mail a copy of this Order to plaintiff at both 135 Claremont Avenue, West Babylon, New York 11704, and c/o 217 Sand Pebble Drive S.E., Leland, North Carolina 28451, and to note the mailing on the docket.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated: October 30, 2026
Brooklyn, New York